# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES M. TAYLOR,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0806**  (BOR Appeal No. 2045109)
(Claim No. 940030941)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**AKZO CHEMICALS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles M. Taylor, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 21, 2011, in which the Board affirmed a September 3, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 14, 2009, decision denying authorization for the medications Tylenol No. 3, Lyrica, Flexeril, Ultram, and Mobic. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Taylor injured his back while he was working for AKZO Chemicals on January 12, 1994. On December 14, 2009, the claims administrator denied a request for the medications Tylenol No. 3, Lyrica, Flexeril, Ultram, and Mobic. Previously, the Office of Judges had found that the medications Duragesic, Mobic, and Neurontin were not appropriate treatment because the evidence did not establish that this was an extraordinary case. The Board of Review affirmed that holding, and this Court refused the issue on appeal.

In affirming the claims administrator's December 14, 2009, Order, the Office of Judges held that the preponderance of the evidence does not establish that the requested medications were medically necessary and reasonably required medical treatment of the compensable injury. On appeal, Mr. Taylor argues that because the treating physician found the medications were required to treat the compensable injury, authorization should be granted. The West Virginia Office of Insurance Commissioner maintains that Mr. Taylor reached maximum medical improvement more than a decade ago, and that the medications are not medically necessary and reasonably required to treat the compensable injury.

The Office of Judges held that the preponderance of the evidence did not establish that this was an extraordinary case to justify treatment outside the guidelines set forth in West Virginia Code of State Rules § 85-20 (2006). It noted a lack of documentation reflecting Mr. Taylor's current symptoms and the reasoning for the requested prescription drugs. The Office of Judges concluded that the requested medications were not medically necessary and reasonably required for the treatment of the compensable injury. The Board of Review reached the same reasoned conclusions in its Order of April 21, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 8, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II